UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN RANDALL CHRISTENSEN, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SCOTT CROW, )<br>)<br>Respondent. ) | Case No. CIV-21-782-J |

### ORDER

Petitioner, Stephen Randall Christensen, Jr., a state prisoner appearing pro se, filed a Petition pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 626(b)(1)(B), (C). Respondent moved for dismissal based on untimeliness [Doc. Nos. 19-20] and Petitioner responded [Doc. No. 26]. After review, Judge Mitchell issued a Report and Recommendation recommending that Respondent's motion to dismiss be granted and the Petition dismissed as untimely. (Rep. & Rec.) [Doc. No. 28]. Petitioner objected (Petr.'s Obj.) [Doc. No. 29], triggering de novo review.

**I.   Background**

Relevant here, Petitioner was convicted of child sex abuse and procuring child pornography in Canadian County District Court and was sentenced on January 6, 2015. The Oklahoma Court of Appeals (OCCA) affirmed his conviction on January 6, 2016, and he did not seek a writ of certiorari in the United States Supreme Court. Instead, Petitioner filed a motion for a suspended or modified sentence on January 15, 2016, which the district court denied on April 12, 2016. Thereafter, Petitioner filed a motion for judicial review on June 13, 2016, which the district court denied on July 25, 2016.

Petitioner filed his first application for post-conviction relief on August 22, 2016, and after the district court denied relief, the OCCA affirmed on August 8, 2017. Petitioner's second application for post-conviction relief was filed on November 13, 2017, but he did not receive notification regarding the district court's January 12, 2018 denial until August 28, 2018. Based on that delay, Petitioner filed a third application for post-conviction relief on October 15, 2018, seeking permission to appeal out of time. The district court agreed he should be allowed to appeal out of time, but did not send Petitioner the July 11, 2019 order until November 15, 2019. Again, based on the delay, Petitioner filed a fourth application for post-conviction relief seeking permission to appeal out of time on August 6, 2020. That application was granted and the OCCA affirmed the denial of post-conviction relief related to Petitioner's second application on May 18, 2021.

Petitioner filed the instant Petition on August 4, 2021.

## II.   The Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), a one-year limitations period exists for 28 U.S.C. § 2254 petitions and generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending[.]" *Id.* § 2244(d)(2). Additionally, a petitioner may be "entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

**III.     Judge Mitchell's Findings**

Applying 28 U.S.C. § 2244(d)(1), Judge Mitchell found, in relevant part, that after applying statutory tolling for (1) Petitioner's properly pending applications for post-conviction relief and (2) delays which arguable created state-imposed impediments to filing, that Petitioner's statute of limitations expired on March 28, 2020.  Because Petitioner did not file his Petition until August 4, 2021, Judge Mitchell found it untimely and recommended granting Respondent's motion to dismiss.  *See* Rep. & Rec., *passim*.

**IV.     Petitioner's Objections**

Petitioner's objections center on the district court's two delays in notifying him as to the rulings on his second and third applications for post-conviction relief.  Petitioner argues that because he could not have timely appealed the denial of his second application for post-conviction relief, or taken advantage of the granting of his third application for post-conviction relief (recommending he be allowed the appeal the denial of the second application out of time), the Court should grant either statutory or equitable tolling for the entire time between the filing of his second application for post-conviction relief on November 13, 2017, and the OCCA's final ruling on May 18, 2021.  *See* Petr.'s Obj., *passim*

**V.     Analysis**

While sharing Petitioner's frustrations with the district court's delays in sending the relevant orders, the Court must reject Petitioner's arguments because Judge Mitchell accounted for those delays in her analysis.  That is, Judge Mitchell applied tolling for Petitioner's second application from November 13, 2017, to August 28, 2018 (when he was finally notified as to the ruling) and Petitioner's third application from October 15, 2018, to November 15, 2019 (when Petitioner was finally notified that his application to appeal out of time was granted).  *See* Rec. &

Rep. at 15-16.  With that tolling, Judge Mitchell found Petitioner had at least 134 days remaining, or until March 28, 2020, to either file another application for post-conviction relief[1] or to file his Petition.  *See id.*  But Petitioner waited 266 days – over eight months – to file his fourth application for post-conviction relief.  By then, his statute of limitations had expired.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (noting that only applications for post-conviction relief filed within the one-year limitation period will toll the statute of limitations).  Petitioner cites no authority allowing the Court to apply statutory tolling after November 15, 2019, and because Judge Mitchell found Petitioner was entitled to statutory tolling for the two delays, she appropriately did not grant him duplicative tolling under an equitable tolling theory.

## VII.   Conclusion

Having carefully reviewed the Petition, record, Report and Recommendation, and Petitioner's objections de novo, the Court agrees with Judge Mitchell's thorough and well-reasoned analysis.  Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 28], GRANTS Respondent's motion to dismiss [Doc. No. 19] and DISMISSES Petitioner's Petition as untimely.  Additionally, Petitioner's pending motion for summary disposition [Doc. No. 22] is DENIED.  Finally, a certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

A separate judgment will enter.

---

[1] Like his first, second, and third applications, a properly and timely filed fourth application for post-conviction relief would have tolled the statute of limitations.  *See* 28 U.S.C. § 2244(d)(2).

IT IS SO ORDERED this 21st day of March, 2022.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE